GeeeN, Judge,
delivered the opinion:
This is a case in which the plaintiff, a naval officer, seeks to recover additional rental and subsistence allowances on account of having been the chief support of his mother. The only defense is that it does not satisfactorily, appear from the evidence that plaintiff’s mother could not have earned *516 more money than she did by engaging in a more gainful occupation or working more time than is shown by the evidence. As the testimony shows beyond controversy that the plaintiff was the chief support of his mother during the period in question, we do not think this is sufficient to defeat his claim. The testimony of his mother was to the effect that her health was not good, that she worked part of the time as a practical nurse, and that her age at the beginning of the period for which plaintiff asked an allowance was forty-nine years.
The statute does not make it a condition of the allowance that the parent should seek employment, and work to the extent of his or her power and ability. The difficulty in administering such a provision might be one reason for not making it, and the obvious intent of the statute is to make an allowance to the officer where he has been the chief support of a dependent- parent without imposing this condition. We think the case of the plaintiff comes within the statute, and judgment will be rendered accordingly.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Ghief Justice, concur.